**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 22 CR 58 |
| v. | |
| DONALD HENKEL, | Hon. Elaine Bucklo |
|    a/k/a "D.B. Henkel," | U.S. District Court Judge |
|    a/k/a "Donavan Kelly," | |
|    a/k/a "Bruce Kelly," | |
| MARK HENKEL, and | |
| RAYMOND PAPARELLA | |

## <u>PROPOSED JURY INSTRUCTIONS</u>

The UNITED STATES OF AMERICA, through ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, submits the government's proposed jury instructions.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney
Northern District of Illinois

Dated: January 21, 2026

By: */s/Kristin M. Pinkston*
KRISTIN PINKSTON
KELLY GUZMAN
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
312 353-5300

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and, as to each charge and each defendant named in each charge, decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Proposed Instruction No. 1
Seventh Circuit Pattern Crim. Fed. Jury Instruction (2023) ("Pattern Instruction") 1.01

The charges against the defendant are in a document called an indictment. The indictment in this case charges that Mr. Filer committed the crime of wire fraud.

The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise even a suspicion of guilt.

Proposed Instruction No. 2
Seventh Circuit Pattern Instruction 1.02

The indictment charges that each of the crimes happened "on or about" a certain date. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

Proposed Instruction No. 3
Seventh Circuit Committee (2023) 4.05

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Proposed Instruction No. 4
Seventh Circuit Pattern Instruction 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, emails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

[In addition, you may recall that I took [judicial] notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Proposed Instruction No. 5
Seventh Circuit Pattern Instruction 2.01

You have heard an audio recording. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the audio recording to help you follow the recording as you listened to it. The recording is the evidence of what was said and who said it. The transcript is not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcript, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcript as far as those parts are concerned.

I am providing you with the recording and a device with instructions on its use. It is up to you to decide whether to listen to the recording during your deliberations. You may, if you wish, rely on your recollections of what you saw and heard during the trial.

If, during your deliberations, you wish to have another opportunity to view any transcript as you listen to a recording, send a written message to the marshal, and I will provide you with the transcript.

Proposed Instruction No. 6
Seventh Circuit Committee (2023) 3.14

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Proposed Instruction No. 7
Seventh Circuit Pattern Instruction 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Proposed Instruction No. 8
Seventh Circuit Pattern Instruction 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

[You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Proposed Instruction No. 9
Seventh Circuit Pattern Instruction 2.04

A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that the defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.

Proposed Instruction No. 10
Seventh Circuit Pattern Instruction 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness

Proposed Instruction No. 11
Seventh Circuit Pattern Crim. Fed. Jury Instruction (2023) 3.01

It is proper for an attorney to interview any witness in preparation for trial.

Proposed Instruction No. 12
Seventh Circuit Pattern Instruction 3.02

You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable [a] witness' testimony was here in court. [If an earlier statement was made under oath, then you can consider the earlier statement as evidenced of the truth of whatever the witness said in the earlier statement.]

Proposed Instruction No. 13
Seventh Circuit Pattern Instruction 3.03

[You have heard evidence that before the trial, the defendant made [a] statement[s] that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.]

Proposed Instruction No. 14
Seventh Circuit Pattern Crim. Fed. Jury Instruction 3.04

You have heard testimony from witnesses who were promised and received a benefit in the form of immunity in return for their testimony and cooperation with the government.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

Proposed Instruction No. 15
Seventh Circuit Pattern Instruction 3.05 (as modified to reference the benefit of immunity)

[You have heard testimony about [witness's] character for honesty, truthfulness, integrity, and his law-abiding nature. You should consider this testimony together with and in the same way you consider the other evidence.]

Proposed Instruction No. 16
Seventh Circuit Pattern Instruction 3.08

You have heard witnesses who gave opinions and testimony about the following subjects: [Insert Expert names and respective subject matter]. You do not have to accept the witnesses' opinions and testimony. You should judge the witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how the witness reached their opinions and conclusions, and the factors I have described for determining the believability of testimony.

Proposed Instruction No. 17
Seventh Circuit Pattern Instruction 3.13 (modified to reflect submissions of multiple expert witnesses)

Certain summaries and charts were admitted in evidence. You may use those summaries and chart as evidence even though the underlying documents and evidence are not here.

It is up to you to decide how much weight to give to the summaries and charts.

Proposed Instruction No. 18
Seventh Circuit Pattern Instruction 3.16

Certain demonstratives were shown to you to help explain other evidence that was admitted. These demonstratives are not themselves evidence or proof of any facts, so you will not have these particular demonstratives during your deliberations.

Proposed Instruction No. 19
Seventh Circuit Pattern Instruction 3.17

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Proposed Instruction No. 20
Seventh Circuit Pattern Instruction 3.18

Each defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision. You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Proposed Instruction No. 21
Seventh Circuit Pattern Instruction 4.06 (modified to reflect multiple defendants accused of multiple crimes)

You should not speculate why any other person whose name you may have heard during trial is not currently on trial before you.

Proposed Instruction No. 22
*United States v. O'Connor*, 656 F.3d 630, 645-46 (7th Cir. 2011)

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Proposed Instruction No. 23
Seventh Circuit Pattern Instruction 4.10

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

Proposed Instruction No. 24
Seventh Circuit Pattern Instruction 5.05

Any person who knowingly aids; counsels; commands; induces; or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though he personally committed them.

Proposed Instruction No. 25
Seventh Circuit Pattern Instruction 5.06

**Instructions Applicable to Count 1**

Count 1 of the indictment charges defendants Donald Henkel, Mark Henkel and Ray Paparella with wire fraud. In order for you to find the defendant you are considering guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1.       That the defendant knowingly devised or participated in a scheme to defraud, as described Count 1; and

2.       That the defendant did so with the intent to defraud; and

3.       The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

4.       That for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of a commercial interstate carrier in the manner charged in the particular count.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge and the defendant you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge and the defendant you are considering, then you should find the defendant not guilty of that charge.

Proposed Instruction No. 26
Seventh Circuit Pattern Instructions, p. 618; 18 U.S.C. § 1341 (modified to reflect multiple counts and multiple defendants charged)

In order to use or cause the use of a commercial interstate carrier, a defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that the defendant knew that the carrier was an interstate carrier.

The defendant need not actually or personally use the interstate commercial carrier.

Although an item sent by interstate commercial carrier need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

Proposed Instruction No. 27
Seventh Circuit Pattern Instructions, p. 621; 18 U.S.C. § 1341 (modified to reflect multiple counts and multiple defendants charged)

**Instructions Applicable to Counts 2, 3, 4, 6, and 7: Wire Fraud**

The indictment charges wire fraud in Counts 2, 3, 4, 6, and 7. Defendant Donald Henkel is charged with wire fraud in Counts 2, 3, 4, 6, and 7. Defendant Mark Henkel is charged with wire fraud in Count 4. In order for you to find the defendant you are considering guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1.      That the defendant knowingly devised or participated in a scheme to defraud, as described in the particular count; and

2.      That the defendant did so with the intent to defraud; and

3.      The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

4.      That for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of interstate wire communications to take place in the manner charged in the particular count.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge and the defendant you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge and the defendant you are considering, then you should find the defendant not guilty of that charge.

Proposed Instruction No. 28
Seventh Circuit Pattern Instructions, p. 618; 18 U.S.C. § 1343 (modified to reflect multiple counts and multiple defendants charged)

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A "scheme to defraud" is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the potential loss of money or property to another by means of materially false or fraudulent pretenses, representations or promises.

A materially false or fraudulent pretense representation, or promise may be accomplished by an omission or the concealment of material information.

Proposed Instruction No. 29
Seventh Circuit Pattern Instructions, p. 624; 18 U.S.C. §§ 1341, 1343 (modified to reflect multiple counts and multiple defendants charged)

A false or fraudulent pretense, representation, promise, omission, or concealment is "material" if it is capable of influencing the decision of the person to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by the alleged victim, as long as it is capable of doing so.

Proposed Instruction No. 30
Seventh Circuit Pattern Instructions, p. 624; 18 U.S.C. §§ 1341, 1343 (modified to reflect multiple counts and multiple defendants charged)

Wire fraud does not require the false representation be made directly to the victim of the scheme. Deception of someone else can suffice if it carries out the scheme.

Proposed Instruction No. 31
*United States v. Weimert*, 819 F.3d 351, 355 (7th Cir. 2016) (citing *United States v. Seidling*, 737 F.3d 1155, 1160 (7th Cir. 2013) (affirming conviction where defendant did not communicate directly with victims based in part on deception of state court)); *see also*, *United States v. Filer*, 56 F.4th 421, 429 (7th Cir. 2022) (citing *Weimert* to note that "[w]ire fraud does not require that a false statement be made directly to, let alone only to, the intended victim of the scheme")).

A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain or the potential gain of money or property to the defendant or another.

Proposed Instruction No. 32
Seventh Circuit Pattern Instructions, p. 631; 18 U.S.C. §§ 1341, 1343 (modified to include certain bracketed language)

A defendant's fraudulent intent can be established by circumstantial inferences drawn from the scheme itself.

Proposed Instruction No. 33
*United States v. Persfull*, 660 F.3d 286, 294 (7th Cir. 2011) (quoting *United States v. Howard*, 619 F.3d 723, 727 (7th Cir. 2010) (citation omitted)).

In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations or promises charged in the portion of the indictment describing the scheme be proved beyond a reasonable doubt. The government, however, is not required to prove all of them.

Proposed Instruction No. 34
Seventh Circuit Pattern Instructions, p. 627; 18 U.S.C. §§ 1341, 1343

The interstate carrier and wire fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme to defraud actually succeeded.

Proposed Instruction No. 35
Seventh Circuit Pattern Instructions, p. 623; 18 U.S.C. §§ 1341, 1343

Wire transfer of funds constitutes transmission by means of wire communication. E-mails constitute transmission by means of wire communication.

Proposed Instruction No. 36

Seventh Circuit Pattern (2022) — 18 U.S.C. § 1343 (Wire Communication) (modified)

The government must prove that interstate communication facilities were used to carry out the scheme or were incidental to an essential part of the scheme.

In order to use or cause interstate wire communications to take place, a defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that a defendant knew that the wire communication was of an interstate nature.

The defendant need not actually or personally use interstate communication facilities.

Although an item communicated interstate need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

In connection with whether a wire transmission was made, you may consider evidence of the habit or the routine practice of a person or an organization.

Each separate use of interstate communication facilities in furtherance of the scheme to defraud constitutes a separate offense.

Proposed Instruction No. 37
Seventh Circuit Pattern Instructions, p. 621–22; 18 U.S.C. § 1343 (modified); Seventh Circuit Pattern Instructions, p. 641; 18 U.S.C. § 1343 (modified)

Count Eight of the indictment charges defendant Mark Henkel with attempting corruptly persuade another person to make a false statement to a law enforcement officer of the United States with the intent to hinder or prevent the communication of information relating to the commission or possible commission of a federal offense, namely wire fraud and mail fraud. In order for you to find defendant Mark Henkel guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant corruptly[1] persuaded another person or attempted to do so; and

2. The defendant acted knowingly; and

3. The defendant acted with the intent to hinder, delay or prevent the communication of information to a law enforcement officer of the United States; and

4. Such information related to the commission or possible commission of a federal offense.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

Proposed Instruction No. 38
Seventh Circuit Pattern Instructions, p. 722 18 U.S.C. § 1512(b)(3) (modified to include selected bracketed language)

---

[1] Government will supplement its set of jury instructions with a definition of corruptly pursuant to the Committee Comment. Seventh Circuit Pattern Instructions, p. 723.

The term "law enforcement officer" means an officer or employee of the Federal government, a person authorized to act for or on behalf of the Federal Government as an adviser or consultant who is authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense.

Proposed Instruction No. 39
Seventh Circuit Pattern Instructions, p. 722 18 U.S.C. § 1512(b)(3) (modified to include bracketed language)

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Proposed Instruction No. 40

Seventh Circuit Pattern (2022) 4.08

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Twitter, Snapchat, Instagram, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the Court Security Officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Proposed Instruction No. 41
Seventh Circuit Pattern Instruction 7.01

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the Court Security Officer once you have reached a verdict. When you come back to the courtroom, [I; the clerk] will read the verdict[s] aloud.

Proposed Instruction No. 42
Seventh Circuit Pattern Instruction 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence.

You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Proposed Instruction No. 43
Seventh Circuit Pattern Instruction 7.03