IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

UNITED STATES OF AMERICA    )
                            )
                            )
                            )
     v.                     )      22 CR 58
                            )      Hon. Elaine Bucklo
                            )
                            )
DONALD HENKEL               )

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND MOTION TO
RECONSIDER MOTION TO SUPPRESS STATEMENTS**

NOW COMES the defendant, Donald Henkel, by and through his attorney, Michael F. Clancy, and based on the testimony adduced at the evidentiary hearing on October 23, 2025, moves to suppress unlawfully obtained evidence, and renews his motion to suppress statements. In support of this motion, the defendant states as follows:

Henkel received a copy of the transcript of the October 23, 2025, hearing on January 21, 2026. After reviewing that transcript, Henkel moves to suppress evidence improperly obtained from his home. He also moves the Court to reconsider the denial of his motion to suppress statements.

Evidentiary Hearing Testimony

FBI Agent David White testified at the evidentiary hearing that his hands were full as he stood on Henkel's porch (Tr.21), but that he did not bring the search warrant to the door because he wanted to have his hands free. (Tr.89) Immediately after White informed Henkel that White had search warrant documentation,

1

Henkel asked to see it. (Tr.25) Henkel followed White toward White's vehicle to get the search warrant, but White failed to show Henkel the search warrant at that time because White got sidetracked. (Tr.32-33) White gave Henkel the search warrant following the lunch break, which was over two hours after arriving at Henkel's home. (Tr.61) White conducted a five-hour interview with Henkel, but did not tell Henkel about the search warrant right off the bat. (Tr.74,85) Henkel specifically asked to see the search warrant paperwork, and followed White to White's vehicle to view the paperwork. (Tr.88-89) Once near the vehicle, White got distracted and failed to show Henkel the search warrant. (Tr.90) White never stated that Henkel was free to leave. (Tr.112)

Argument

It is undisputed that at the time agents began searching Henkel's property on July 7, 2020, Henkel had requested to see a search warrant, but was not shown one for over two hours. While various unavailing explanations were given as to why no search warrant was presented despite Henkel requesting to see it numerous times, the fact remains that a team of roughly two dozen agents began ransacking Henkel's home without bothering to present any legal justification to do so. It is also uncontradicted that agents questioned Henkel over a five-hour period at a remote, rural location, and did not inform Henkel that he was free to leave the location or terminate the encounter. Henkel's car keys, wallet, and cell phone were kept away from him during that time. For all intents and purposes, Henkel was detained on his property.

Fed. R. Crim. P. 41(f)(1)(C) requires an officer executing a search warrant to provide a copy of the warrant to the individual whose person or property is the subject of the warrant. In *United States, v. Gantt*, 194 F.3d 987 (9th Cir. 1999), agents did not serve the defendant with the warrant and attachment until the search was complete, after she was already in custody. The Ninth Circuit held that this practice violated Rule 41, and required the exclusion of all fruits of the search. *Id.* at 1001. The Ninth Circuit reached this result because the essential function of the warrant is to "assure[] the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." See *United States v. Chadwick*, 433 U.S. 1, 9 (1977); see also *Michigan v. Tyler*, 436 U.S. 499, 508 (1978) ("a major function of the warrant is to provide the property owner with sufficient information to reassure him of the entry's legality"); *United States v. Martinez-Fuerte*, 428 U.S. 543, 566 (1976) (without a warrant the occupant has "no way of knowing the lawful limits of the inspector's power to search, and no way of knowing whether the inspector himself is acting under proper authorization.").

Here, Henkel did not receive a copy of the search warrant until after the search was well underway and he was already detained. Accordingly, all fruits of the search of Henkel's home should be excluded. The evidence seized from Henkel's home and the statements made by Henkel to federal agents on July 7, 2020, during the search and  interrogation at his property were obtained in violation of the

3

Fourth and Fifth Amendments. That physical evidence and the unwarned statements should be suppressed.

WHEREFORE, based on the foregoing, the arguments advanced in his initial motion and reply, and the arguments made at the evidentiary hearing, Donald Henkel moves this Honorable Court to enter an order suppressing the evidence obtained during the search of Henkel's home and the statements made to law enforcement agents in violation of Henkel's *Miranda* rights, or grant any other appropriate and equitable relief.

Respectfully submitted,

s/ Michael F. Clancy

MICHAEL F. CLANCY
53 W. Jackson Blvd., Suite 1401
Chicago, IL 60604
(312) 427-0288

4